IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00056-MSK-BNB

MELVIN LEE DAVIS,

       Petitioner,

v.

R. WILEY,

       Respondent.

_____

**ORDER**
_____

This matter arises in connection with the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [Doc. #6] (the "Application"), filed February 12, 2007, by Melvin Lee Davis (the "petitioner").

The petitioner is incarcerated by the Bureau of Prisons ("BOP") at the United States Penitentiary-Administrative Maximum in Florence, Colorado. The Application sets forth several claims. In Claim One, the petitioner alleges that the Commonwealth of Virginia has lodged an illegal detainer against him. In his Response [Doc. # 18], the respondent explains the detainer as follows:

> In a letter dated November 1, 2006, the Commonwealth of Virginia notified the Bureau [or Prisons] they were revising their detainer to reflect that Applicant is wanted for the time left on his original felony sentence of 10 years, of which he has approximately 5 years and 4 months remaining. . . . They further requested the Bureau to notify them approximately 30 days prior to release so they can extradite him.

Response [Doc. # 18] at p.14. Significantly, the detainer seeks the return of the petitioner to

Virginia to complete an unserved sentence. It does not seek his return for the disposition of untried charges.[1]

The Response fails to address the authority of this court to determine any matter relating to a detainer for the completion of a sentence or, if such authority exists, the law to be applied. Consequently, on April 20, 2009, I issued an order [Doc. # 40] requiring supplemental briefing on these issues. In response, the respondent filed his Supplemental Brief [Doc. # 46]. Regrettably, the Supplemental Brief addressed only exhaustion (a matter about which I did not request supplemental briefing) and the law concerning detainers for the return of a prisoner for disposition of untried charges (a matter not here at issue). The Supplemental Brief did not discuss the issues raised in Claim One of this Application, and about which I sought supplemental briefing, including: (1) the jurisdiction of a federal court to determine the propriety of a state detainer for the return of a prisoner to complete an unfulfilled state sentence, and (2) the law to be applied in connection with a federal habeas corpus petition challenging a state detainer requesting the return of a prisoner to complete an unfulfilled state sentence. These are matters about which I require guidance.

IT IS ORDERED that a hearing is set for **May 15, 2009, at 8:30 a.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, at which time the parties shall be prepared to address the following issues:

---

[1] Were that the case, the matter would be subject to Article III(a) of the Interstate Agreement on Detainers Act which provides that a prisoner against whom a detainer has been lodged "shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court . . . written notice of . . . his request for a final disposition to be made. . . ." Supplemental Brief Regarding Jurisdiction Over Petitioner's Claim One [Doc. # 46, filed 5/5/2009] (the "Supplemental Brief").

(1)   The jurisdiction of a federal court to determine the propriety of a state detainer for the return of a prisoner to complete an unfulfilled state sentence; and

(2)   The law to be applied in connection with a federal habeas corpus petition challenging a state detainer requesting the return of a prisoner to complete an unfulfilled state sentence.

The parties may submit additional written materials addressing these issues at or prior to the hearing.

IT IS FURTHER ORDERED that the Petitioner and his case manager shall attend the hearing by telephone by calling the court at 303-844-6408 at the appropriate date and time.

Dated May 8, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge